# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| HERBERT C. RUSSELL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:09CV1761RWS |
| BURLINGTON COAT FACTORY, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff Herbert C. Russell filed this lawsuit against his former employer, Defendant Burlington Coat Factory ("Burlington"), for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq., the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621, et seq., and 42 U.S.C. § 1981 and to enforce a settlement agreement Russell and Burlington had entered in an earlier employment discrimination case. Burlington has moved for a more definite statement under Rule 12(e) of the Federal Rules of Civil Procedure. Burlington claims that Russell's complaint is so ambiguous that it cannot reasonably draft an answer or responsive pleading at this time. Because Russell's complaint clearly sets forth facts that place Burlington on notice of his claims, I will deny Burlington's motion.

*Background*

In his complaint, Russell alleges:

Herbert Russell is an African American man born in 1958. Russell was employed with Burlington as a part-time maintenance worker until August 4, 2008 when he was discharged. On June 18, 2008, he was informed that his department was being phased out. Russell requested that, rather than be laid off, he be promoted to the sales floor. Burlington denied his request, stating that there were no positions available on the sales floor. At that time, Burlington did not have any African American men over the age of 40 employed on the sales floor. Burlington offered Russell a position as a cashier, but Russell did not accept. Burlington stated Russell would be placed on "laid off status." Russell has noticed in the past that younger employees were allowed to move to other positions to avoid being laid off. Burlington stated Russell would not be subject to an extensive application process and would only be interviewed for any sales position opening.

During Russell's employment, he was required to carry heavy lay-away boxes upstairs by himself while younger employees were allowed to carry the boxes in groups. This created a physically demanding situation and made him concerned he was in danger of losing his job. He was singled out for storing lay-away boxes. Russell believes he was required to carry the lay-away boxes to

create a physically demanding situation due to his age. He believes he was denied a promotion to the sales floor and discharged due to his race.

Russell also asserts that Burlington breached its contract arising out of an earlier court case, Russell v. Burlington Coat Factory, 4:98CV1273RWS. Due to the confidential nature of the settlement agreement, Russell was limited in presenting evidence to the Missouri Commission on Human Rights.

Russell seeks reinstatement with full seniority and benefits, promotion to the sales floor position, back pay, enforcement of the settlement agreement, and an end to Burlington Coat Factory's discriminatory practices.

*Legal Standard*

Under Fed. R. Civ. P. 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "A motion under Rule 12(e) is designed to strike at unintelligibility in a pleading rather than want of detail." Patterson v. ABS Consulting, Inc., 2009 WL 248683, at *2, 2009 U.S. Dist. Lexis 7251, at *2 (E.D. Mo. Feb. 2, 2009).

Under Fed. R. Civ. P. 8(a) "a complaint must include only a short and plain statement of the claim showing that the pleader is entitled to relief. Such a statement must simply give the defendant fair notice of what the plaintiff's claim is

and the grounds upon which it rests. This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Romine v. Acxiom Corp., 296 F.3d 701, 711 (8th Cir. 2002). However, when the "pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding." Swirkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).

*Discussion*

Burlington appears to be looking for an excuse not to answer Russell's Complaint when it argues that Russell has "filed two separate Complaints in this case, containing separate allegations and seeking different remedies." A plain reading of the filing establishes that Russell has filed only one Complaint using the District Court's "Employment Discrimination Complaint" form which is available to all pro se plaintiffs for completion when filing a lawsuit for employment discrimination. Following the Court's form, in paragraph 12, which asks the plaintiff to state the essential facts of his claim, Russell directs the reader to "see attached complaint." That form (also available for pro se plaintiffs from the Court) is *not* a separate Complaint as Burlington suggests. This document which pro se plaintiff Russell refers to as his "attached complaint" is what is

commonly referred to as an "attachment." The fact that Russell's Complaint directs the Court to the attached document clearly means that, like any other attachment, it is incorporated into his Complaint.

Because Russell has clearly stated the grounds upon which his employment discrimination claims rest and has identified the earlier employment discrimination lawsuit for which he seeks to enforce the settlement agreement, I will deny Burlington's motion.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Burlington Coat Factory's motion for a more definite statement [#9] is **DENIED**.

Dated this 13th Day of January, 2010.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE